UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JAMARL MALIK TOWNSEND

                     *Plaintiff,*                            COMPLAINT

     *-against-*

                                                   Plaintiff Demands Trial by Jury

THE CITY OF NEW YORK, and
POLICE OFFICER U.C. 349,

                          Defendants.

-----------------------------------------------------------X

Plaintiff JAMARL MALIK TOWNSEND, herein by and through his attorney Alexis Padilla, Esq., bring forth the instant complaint, complaining that the above captioned defendants deprived him of his civil rights as guaranteed by the United States Constitution and state law.

## **PRELIMINARY STATEMENT**

1. This is a civil rights action being brought pursuant to 42 U.S.C § 1983 alleging false arrest, malicious prosecution and denial of a fair trial against the defendant, an undercover New York City Police Officer. Plaintiff avers that his Fourth, Fifth, and Sixth Amendment rights were violated and that he suffered damages as a result, namely a prolonged period of pre-trial detention.

## **JURISDICTION AND VENUE**

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for violation of Plaintiff's constitutional and civil rights. This court also has jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C.§ 1367.

3. Venue is proper in the Southern District of New York Pursuant to 28 U.S.C. § 1391 (b) (c) in that the events giving rise to this claim occurred within the boundaries of the Southern District of New York.

1

## NOTICE OF CLAIM

4. Plaintiff asserts that a proper notice of claim was filed with the CITY OF NEW YORK pursuant to General Municipal Law 50-e, and that 30 days have passed since its filing with the underlying claims having yet to be settled or otherwise be disposed of.

## JURY DEMAND

5. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## PARTIES TO THE ACTION

6. Plaintiff JAMARL MALIK TOWNSEND, was at all times relevant a United States citizen of full age and a citizen of the State of New York.

7. Defendant CITY OF NEW YORK, is and was at all times relevant herein a municipal entity created under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risk incidental to the maintenance of a police department and employment of police officers. Defendant CITY OF NEW YORK was and was at all relevant times herein the employer of the defendant officer.

8. Defendant POLICE OFFICER UC 349, was at all times relevant herein a duly appointed and acting officer, servant employee and agent of the New York City Police Department, an agency of the CITY OF NEW YORK. At all times relevant herein defendant undercover Police officer number 349, acted under color of the laws, statues, ordinances, regulations, polices, customs and/or usages of the state of New York and the New York City Police Department, in the course and scope of her duties

and functions as an officer, agent, servant and employee of the CITY OF NEW YORK, was acting for, and on behalf of, the City of New York and with the power and authority vested in her by the New York City Police Department, and was otherwise performing and engaging in conduct incidental to the performance of her lawful functions in the course of his duty. She is sued individually and in her capacity.

## STATEMENT OF FACTS

9. On or around January 2, 2018 at approximately 5:00 P.M. plaintiff was lawfully present within the vicinity of west 43rd Street and 9th avenue in New York county when he was approached by defendant POLICE OFFICER UC 349.

10. Defendant POLICE OFFICER UC 349 engaged with plaintiff and begun to inquire about whether plaintiff could supply her with crack cocaine.

11. Plaintiff made it clear to the defendant that he could do no such thing but continued to engage in conversation with the defendant.

12. Plaintiff avers that in the course of his interaction with the defendant there was never any exchange of money for drugs.

13. However, defendant would later claim in a felony criminal complaint that she handed plaintiff a sum of currency in exchange for an amount of crack cocaine.

14. Plaintiff avers that this accusation was untrue, and that the defendant knowingly and intentionally filed a false felony criminal complaint.

15. Further, defendant POLICE OFFICER UC 349 repeated the false allegation when she testified at Grand Jury, Court hearings, and at plaintiff's trial.

16. As a result of defendant's false accusation, plaintiff was confined prior to trial for approximately 16 months.

17. Plaintiff avers that he was conscious of the aforesaid confinement, that he did not consent to it, that the defendant lacked probable cause to arrest him or to file charges against him, and that he was ultimately vindicated of all charges when he was acquitted at trial.

18. As a result of defendant's misconduct plaintiff was damaged and seeks redress.

**COUNT I**
***MONELL* CLAIM AGAINST THE CITY OF NEW YORK**

19. Plaintiff repeats and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

20. The CITY OF NEW YORK caused the constitutional violations suffered by plaintiff as a result of the conduct of the defendant. The conduct of the defendant was a direct consequence of inadequate training and supervision.

21. Defendant CITY OF NEW YORK directly caused the constitutional violations suffered by plaintiff and is liable for the damages suffered by plaintiff as a result of the conduct of the above-captioned defendant because her conduct was a direct consequence of inadequate training and supervision of undercover officers by the New York Police Department, an agency of the CITY OF NEW YORK.

22. At all times relevant to this Complaint, defendant CITY OF NEW YORK, through its agent, the New York City Police Department, had in effect, policies, practices, and customs that allowed for Police Officers including the defendant on the day in question, to falsely arrest New York City residents and file false criminal complaints without being disciplined.

23. The wrongful policies, practices and customs complained of herein demonstrate deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the constitutional rights of plaintiff and the residents of the CITY OF NEW YORK, and were the direct and proximate cause of the violation of plaintiff's rights as alleged herein.

## COUNT II
### VIOLATION OF 42 U.S.C. § 1983 AND THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION (FALSE ARREST) AGAINST ALL DEFENDANTS

24. Plaintiff repeats, reiterates and asserts each and every allegation, contained in previous paragraphs with the same force and effect as if fully set forth herein.

25. Plaintiff JAMARL MALIK TOWNSEND asserts that defendant POLICE OFFICER UC 349 acted under the color of law when she arrested him on January 2, 2018.

26. Plaintiff avers that defendant POLICE OFFICER UC 349 lacked probable cause to arrest him on January 2, 2018.

27. Plaintiff avers that all charges against him stemming from this arrest were dismissed after he was acquitted by a jury.

28. Plaintiff avers that he was confined for approximately 16 months as a result of defendant falsely arresting him and that he did not consent to his confinement.

29. Plaintiff did suffer damages as a result of being falsely arrested by the defendant, namely, loss of liberty.

## COUNT III
### VIOLATION OF 42 U.S.C. § 1983 AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION (MALICIOUS PROSECUTION) AGAINST ALL DEFENDANTS

30. Plaintiff repeats, reiterates and asserts each and every allegation, contained in previous paragraphs with the same force and effect as if fully set forth herein.

31. Plaintiff avers that defendant POLICE OFFICER UC 349 lacked probable cause to initiate criminal charges against him.

32. Plaintiff avers that all charges against him stemming from the criminal action initiated against him were dismissed after he was acquitted by a jury.

33. Plaintiff avers that defendant acted with malice when she knowingly and intentionally filed a false felony complaint against him.

34. Plaintiff avers that he suffered damages as a result, namely a prolonged period of detention.

## COUNT IV
### VIOLATION OF 42 U.S.C. § 1983 AND THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION (DENIAL OF FAIR TRIAL) AGAINST ALL DEFENDANTS

35. Plaintiff repeats, reiterates and asserts each and every allegation, contained in previous paragraphs with the same force and effect as if fully set forth herein.

36. Plaintiff avers that defendant POLICE OFFICER UC 349 fabricated evidence when she falsely claimed to have engaged in a drug transaction with plaintiff.

37. Plaintiff avers that defendant POLICE OFFICER UC 349 forwarded false information to prosecutors when she told the District Attorney of New York County that she engaged in a drug transaction with plaintiff.

38. Plaintiff avers that defendant POLICE OFFICER UC 349 falsely claimed to have engaged in a drug transaction with plaintiff for the purpose of persuading a jury of plaintiff's guilt in the criminal matter stemming from his false arrest.

39. Plaintiff avers that he did suffer damages as a result, namely a prolonged period of detention and the denial of his right to a fair trial.

**COUNT V**
**STATE LAW CLAIM FOR *RESPONDEAT SUPERIOR* AGAINST THE CITY OF NEW YORK**

40. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

41. Plaintiff hereby asserts that defendant CITY OF NEW YORK is liable for all tortious acts, and/or omissions committed by their employee's, agents including, but not limited to the above captioned defendant's.

42. As such, the CITY OF NEW YORK is liable to plaintiff for the civil rights and state law violations as described more fully *supra.*

43. As a result of defendant's acts and/or omissions plaintiff was damaged and seeks redress.

**WHEREFORE,** plaintiff demands relief jointly and severally against all of the defendants for compensatory damages in an amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees and such other and further relief as this court may deem just and proper.

Dated: November 26, 2019
    New York, New York                 By: */s/Alexis G. Padilla, Esq.*
                                                        ALEXIS G. PADILLA, ESQ. [AP7400]
                                                        Attorney for Plaintiff
                                                        Jamarl Malik Townsend
                                                        575 Decatur Street #3
                                                        Brooklyn, NY 11233
                                                        Tel. 917 238 2993
                                                        alexpadilla722@gmail.com